IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TOM STEPHENS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 20-cv-2433 |
| | ) | |
| v. | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| SHERYL COLLINS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Tom Stephens ("Plaintiff") brings this action [1] against Defendants Sheryl Collins ("Collins"), Timothy McPhillips ("McPhillips), Tom Dart ("Dart"), Ciara McNeely ("McNeely") and County of Cook ("County") (collectively "Defendants") for alleged violations of 42 U.S.C. § 1983 and Illinois law. Before the Court is Defendant County's motion to dismiss the County from Counts IV, VI, and VIII of Plaintiff's Complaint [19] for failure to state a claim. For the reasons set forth below, Defendant County's motion to dismiss the County from Counts IV, VI, and VIII of Plaintiff's complaint [1] is granted and these claims are dismissed with prejudice.

**I.      Background[1]**

The following facts are taken from Plaintiff's complaint [1] ("Complaint") and are assumed to be true for the purpose of considering Defendant County's partial motion to dismiss Counts IV, VI, and VIII. Plaintiff is an individual who resides in this District. Defendant County is a governmental entity operating out of Cook County within the State of Illinois, which includes the Cook County Sheriff's Office. According to the Complaint, Defendant County was at all relevant

---

[1] For purposes of the motion to dismiss, the Court accepts as true all of Plaintiff's well-pleaded factual allegations and draws all reasonable inferences in Plaintiff's favor. *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

times the employer of Defendants Collins and McPhillips. [*Id*., at ¶ 5]. Plaintiff alleges that on May 8, 2019, Defendants Collins and McPhillips, in their capacity as Cook County Sheriff's Police detectives, falsely arrested Plaintiff for sexual exploitation of a child. [*Id*., at ¶¶ 27-31]. Plaintiff alleges that due to the false arrest he was detained and subjected to prosecution without probable cause. [*Id*., at ¶¶ 50-51].

Plaintiff alleges multiple claims against the above-named Defendants in his Complaint. [19]. In ruling on Defendant County's motion to dismiss, the Court will focus only on the Plaintiff's allegations against Defendant County as to Count IV: malicious prosecution; Count VI: intentional infliction of emotional distress; and, Count VIII: *respondeat superior* liability. [*Id*.].

**II.    Legal Standard**

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (alteration in original). The factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). Dismissal for failure to state a claim under Rule 12(b)(6) is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558. In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court accepts as true all of Plaintiffs'

well-pleaded factual allegations and draws all reasonable inferences in Plaintiffs' favor. *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). However, "[t]o survive a motion to dismiss, the well-pleaded facts of the complaint must allow the court to infer more than the mere possibility of misconduct." *Langworthy v. Honeywell Life & Acc. Ins. Plan*, 2009 WL 3464131, at *2 (N.D. Ill. Oct. 22, 2009) (citing *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011)). Evaluating whether a "claim is sufficiently plausible to survive a motion to dismiss is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* (quoting *McCauley*, 671 F.3d at 616).

### III.    Analysis

Pursuant to Illinois law "[d]eputy sheriffs, duly appointed and qualified, may perform any and all the duties of the sheriff, in the name of the sheriff, and the acts of such deputies shall be held to be acts of the sheriff." 55 ILCS 5/3-6015. The county sheriff is specifically designated as a county officer under the Illinois Constitution and is given the power to appoint deputy sheriffs. See *Scott v. O'Grady*, 975 F.2d 366, 370 (7th Cir. 1992). In turn, each deputy sheriff "may perform any and all the duties of the sheriff," and since the acts of the deputies are "held to be acts of the sheriff," the deputies are also county officials under Illinois law. See *id* (quoting 55 ILCS 5/3-6015).

Plaintiff alleges the Defendant County is vicariously liable for Defendants Collins' and McPhillips' actions in Counts IV, VI and VIII because they acted within their scope of employment as Cook County Sheriff's Police Detectives with the Defendant County [1, at ¶ 52]. Plaintiff claims that Defendants Collins and McPhillips were acting as agents of Defendant County, and at all relevant times to this action, Defendant County was responsible for the actions of its employees under the doctrine of *respondeat superior*. [1, at ¶ 5.]

Defendant County submits that the allegations in Plaintiff's complaint are similar to those in cases such as *Thompson v. Duke*, 882 F. 2d 1180, 1187 (7th Cir. 1989), and *Ryan v. County of DuPage*, 45 F.3d 1090, 1092 (7th Cir. 1995), where the Seventh Circuit held that the Sheriff is an independently elected authority and the County is given no control or authority to command, train, or direct the Sheriff employees. Under these cases, the relationship between the Sheriff deputies and the County is not that of an employer-employee relationship, as required for liability under the doctrine of *respondeat superior*. See *Moy v. Cnty. of Cook*, 640 N.E.2d 926, 929 (Ill. 1994). Consistent with that proposition, Illinois law holds that counties cannot be held liable for the actions of the sheriffs or sheriff deputies because they are agents of the sheriff's department, and not the county. *Franklin v. Zaruba*, 150 F.3d 682, 686 (7th Cir. 1998); see also *Moy*, 640 N.E.2d at 931.

This is not to say that Defendant County does not belong in this lawsuit at all. Under settled law, counties must be named as parties in any suit involving sheriffs and/or sheriffs deputies, so that they may serve as the indemnitor for any judgment or settlement. See *Carver v. Sheriff of LaSalle County*, 324 F.3d 947, 948 (7th Cir. 2003). Indeed, Defendant County does not dispute that in the event a judgment is entered against Defendants Collins and McPhillips, the County may be required to serve as the indemnitor and is therefore a proper party to the lawsuit. [19 at 4]. Count IX of the complaint [1] alleges a separate and distinct Count for indemnification against the Defendant County. However, the Plaintiff alleges in Counts IV, VI and VIII that the County's liability reaches beyond indemnification and they should be held vicariously liable for the actions of Defendant's Collins and McPhillips. The Seventh Circuit has repeatedly held that is not a correct reading of the law.

4

**IV. Conclusion**

For these reasons, Defendant County's partial motion to dismiss the County from Counts IV, VI, and VIII [19] is granted.

Dated: February 2, 2021

_____
Robert M. Dow, Jr.
United States District Judge